IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 3:25-CR-170

KOBE DEWAYNE CONROD

**ORDER**

On October 22, 2025, a federal grand jury returned a one-count Indictment against Kobe Dewayne Conrod charging him with making materially false statements and representations to a federal grand jury in the Northern District of Mississippi. Doc. #1. Pursuant to Federal Rule of Criminal Procedure 48(a), the government filed a motion to dismiss the Indictment against Conrod on February 13, 2026. Doc. #19. As cause, the government submits:

> Following his indictment, Conrod returned to the grand jury and testified truthfully under oath to matters of interest to the U.S. Attorney's Office. While false statements to the grand jury is certainly an important issue for the U.S. Attorney's Office, Conrod has rectified his initial transgression by returning to the grand jury and providing truthful testimony. Based upon that, the U.S. Attorney's Office does not wish to pursue a felony conviction against Conrod.

*Id.* at 1.

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." "This leave of court requirement has been interpreted to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Jones*, 664 F.3d 966, 973 (5th Cir. 2011) (citations and internal quotation marks omitted). Such discretion must be exercised with a view to the rule's purpose—"to 'protect the defendant against prosecutorial harassment.'" *Id.* (quoting *United States v. Hamm*, 659 F.2d 624, 628 (5th Cir. 1981) (en banc)). Consequently, a Rule 48(a)

motion to dismiss "should be granted 'unless the trial court has an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest.'" *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (quoting *Hamm*, 659 F.2d at 631). "Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons—reasons that constitute more than a mere conclusory interest." *Id*. (cleaned up).

Because the government's proffered reason here for dismissal of the Indictment against Conrod—he subsequently testified truthfully under oath before the grand jury—is sufficient, the motion to dismiss [19] is **GRANTED**. The Indictment against Conrod is **DISMISSED**.

**SO ORDERED**, this 13th day of February, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**